FILED

07/13/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0292

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0292

NATHAN R. KING,

Petitioner,

v.

BOB OLSON, S.T.A.R.T. Program,

Respondent.

FILED

JUL 13 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Nathan R. King petitions this Court for habeas corpus relief, arguing that his sentence is illegal because it is longer than the law allows and no time was suspended. King states that on September 1, 2020, he received a two-year sentence to the Department of Corrections (DOC), followed by three consecutive, DOC sentences of: five years, five years, and three years. King states that the sentence is illegal because no time is suspended. King includes a copy of the DOC's sentence calculations.

We requested copies of King's final judgments from the Lewis and Clark County District Court. On September 1, 2020, the District Court sentenced King in four separate cases. In Cause No. CDC 2019-42, the District Court sentenced King to the DOC for two years on the charge of felony driving under the influence of drugs (DUI), fourth offense, and dismissed five other charges. The court awarded King 456 days of credit for time served. In Cause No. CDC 2019-98, the District Court sentenced King to the DOC for a five-year term for felony robbery. The court also designated him a violent offender, pursuant to § 46-23-501, MCA. In Cause No. CDC 2019-181, the District Court committed King to the DOC for a five-year term for felony theft. In Cause No. CDC 2019-291, the court sentenced King to two, three-year concurrent DOC terms for felony criminal endangerment and felony criminal possession of dangerous drugs. All other sentences run consecutively.

King has not demonstrated facially invalid sentences under Montana law. "Separate sentences for two or more offenses must run consecutively unless the court

otherwise orders." Section 46-18-401(4), MCA. The District Court specifically stated that King's sentences were to run consecutively to each other. The DOC has calculated his sentences correctly from the written judgments.[1]

King is also mistaken in his contention that the sentence is illegal because no time was suspended. Section 46-18-201(3)(a)(iv)(A), MCA (2017),[2] provides that "*all but* the first 5 years of the commitment to the department of corrections must be suspended[.]" (Emphasis added.) King is not entitled to suspension of his sentences because none of his sentences is longer than five years.

King is not entitled to habeas corpus relief because he has not demonstrated an illegal sentence or incarceration. Section 46-22-101(1), MCA. Therefore,

IT IS ORDERED that King's Petition for Writ of Habeas Corpus is DENIED.

The Clerk is directed to provide a copy of this Order to counsel of record; to Bob Olson, Program Administrator, bolson@cccscorp.com; and to Nathan R. King at his last known address.

DATED this 13th day of July, 2021.

Justices

---

[1] We point out that while the District Court gave him 456 days of credit for time served in his two-year sentence, he received 462 days, according to DOC's calculations.

[2] King's offenses occurred before July 1, 2019, and the 2017 version of § 46-18-201(3)(a)(iv)(A), MCA, applies.

2